IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PETER DONATTI, ) | |
| ) | |
| AND ) | |
| ) | |
| MATTHEW COWAN ) | |
| ) | |
| On Behalf of Themselves and ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **CHARTER COMMUNICATIONS,** ) | |
| **L.L.C.,** ) | |
| ) | |
| Registered Agent: ) | |
| CSC – Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar, Jefferson City, MO 65101 ) | |
| ) | |
| **CHARTER COMMUNICATIONS, INC.** ) | |
| Registered Agent: ) | |
| CSC – Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar, Jefferson City, MO 65101, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**
Collective Action Under the FLSA and Wage-Related
Class Claims Pursuant to Fed. R. Civ. P. 23

**COMES NOW** the Plaintiffs, Peter Donatti and Matthew Cowan, on behalf of themselves and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 as follows:

**PRELIMINARY STATEMENT**

1

1. Plaintiffs bring this action against Defendant Charter Communications, L.L.C. and Charter Communications, Inc., ("Charter" or "Defendants") for unpaid overtime compensation and related penalties and damages. Charter specializes in telephone, internet, cable television services to businesses and residences in Missouri, and across the nation. Defendants' practices and policies are to willfully fail and refuse to properly pay all compensation, including overtime compensation due Plaintiffs, and all other similarly situated employees, who work or worked at Defendants' locations in Missouri and throughout the United States.

2. Defendants' non-exempt employees were required to transport materials and equipment to job sites without being compensated for such time. Defendants failed, and continue to fail, to compensate these employees for this time. Doing so denies such persons compensation for all work performed and overtime pay, and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23.

3. Defendants' practices are in direct violation of the FLSA and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 and Plaintiffs seek compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

4. Plaintiff Peter Donatti currently resides at 1700 S. Montgomery St., Sedalia, Pettis County, Missouri.

5. Plaintiff Donatti is a current employee of Defendants in Sedalia, Missouri. Plaintiff was required to transport property and equipment without compensation.

6. Plaintiff Matthew Cowan currently resides at 27674 Southwood Ln., Sedalia, Pettis County, Missouri.

7. Plaintiff Cowan is a current employee of Defendants in Sedalia, Missouri. Plaintiff was required to transport property and equipment without compensation.

8. Defendants have retail locations where they provides installation services for telephone, cable television and internet services located throughout Missouri and the United States including, but not limited to Missouri, Wisconsin, Illinois, Alabama, Colorado, Connecticut, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, Montana, North Carolina, Nebraska, Nevada, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia. Defendants maintain a corporate office located at 12405 Powerscourt Dr., St. Louis, MO 63131-3673. Defendant Charter Communications L.L.C. is a Delaware limited liability company registered and in good standing to do business in the state of Missouri. Defendant Charter Communications Inc. is a Delaware corporation registered and in good standing to do business in the state of Missouri.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

10. The United States District Court for the Western District of Missouri has personal

jurisdiction because Defendant conducts business within this District.

11. The United States District Court for the Western District of Missouri, central division has proper venue because the acts alleged herein occurred in substantial part, within this division.

12. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the Western District of Missouri.

14. At all relevant times, Defendants have been "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have or have had employed "employee[s]," including each of the putative representative action plaintiffs. At all relevant times, Plaintiffs and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which was an enterprise engaged in commerce. At all times relevant herein, Defendants has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

15. Plaintiffs held the position of Cable Technician.

16. Plaintiffs and other hourly, non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

17. Plaintiffs and other hourly, non-exempt employees were required to transport company property, gather tools and paperwork, and perform other pre and post shift activities. Defendants failed to, and continue to fail to, compensate employees for this time.

18. Such pre and post shift work is an integral and indispensable part of the principle activities of Plaintiffs' job.

19. Said work causes Plaintiffs to work in excess of forty (40) hours per week.

20. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

21. Plaintiffs and other cable technicians were required to transport company property without pay. Such activity is considered "work" within the meaning of the FLSA.

22. Plaintiffs and other hourly non-exempt employees were required to perform other pre and post shift activities such as paperwork, obtaining their routes and orders, and inspecting vehicles without compensation.

23. The Defendants employs/employed other employees, who, like the Plaintiffs, are/were required to perform the same or similar work in excess of forty (40) hours per week.

24. Plaintiffs and other hourly, non-exempt employees were improperly compensated under the FLSA and the Missouri wage statutes. All such employees are hereby referred to as the "similarly situated" or the "putative representative action

plaintiffs" or "putative class members."

25. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

26. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

27. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job.

28. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plans that require these employees to perform work in excess of forty (40) hours per week without proper compensation. In turn, these practices deny similarly situated employees their overtime compensation.

29. The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, *et seq.*) are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action consisting of all current and former hourly employees who were required to perform pre- and post- shift work without compensation and who have worked for Defendants as a Missouri employee at any time during the last three years. Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's

6

failure to pay the class for all hours worked and overtime wages.

30. Plaintiffs bring Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of requiring unrecorded work without pay, as well as failing to pay Plaintiffs and other similarly situated employees for all overtime hours worked. The class for the FLSA claims is defined as:

> All current and former Cable Technicians of Defendants who performed pre- and/or post- shift work without compensation at any time during the last three years.

31. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

32. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record hours worked for Plaintiffs and other similarly situated employees and failing to pay Plaintiffs and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendants, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

33. Count II (Mo. Rev. Stat. § 290.500, *et seq.*) is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a

class basis challenging Defendants' practice of requiring unrecorded and unpaid work and failing to pay Plaintiffs and other similarly situated employees for overtime hours worked. The Missouri Wage Rule 23 class is defined as:

> All current and former hourly security personnel whose duties involved transporting company equipment and/or performing pre and post shift work at Defendants' sites in Missouri at any time during the last five years and who performed work without proper compensation.

34. Plaintiffs' state law claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

35. The class satisfies the numerosity standards as it is believed to number over one-hundred. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

36. There are questions of fact and law common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a. Whether class members were compensated for time spent performing work-related tasks;

    b. Whether Defendants' compensation policies and practices properly (if at all) account for the time class members were actually working;

    c. Whether Defendants knew or had reason to know such policies and compensation practices were unlawful, and

    d. Whether Defendants retained a benefit for such unlawful policies and

8

compensation practices.

37. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

38. The claims of Plaintiffs are typical of those of the Class in that class members have been employed in the same or similar positions as the Class Representative and were subject to the same or similar unlawful practices as the Class Representative.

39. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

40. The Class Representative is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representatives and their undersigned counsel, who has experience in employment and class action lawsuits.

41. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary

burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## **COUNT I – FLSA CLAIM**

42. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

43. Plaintiffs were employed by the Defendants in Sedalia, Pettis County, Missouri.

44. At this site, Plaintiffs were required to perform work both before and after their work shift as an integral and indispensable part of the principle activities of performing their job.

45. In addition, Plaintiffs were required to transport property and equipment as part of their job, yet were not compensated for such time.

46. Said work often caused Plaintiffs to work in excess of forty (40) hours per week.

47. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

48. Plaintiffs were treated as non-exempt employees by the Defendants under the FSLA.

49. Defendants employ/employed other employees, like Plaintiffs, at various sites located in Missouri, and across the nation, who are/were required to perform work both before and after their work shifts as an integral and indispensable part of the principle activities of performing their job, were required to transport company property and equipment without pay, and were treated as non-exempt employees under the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

50. Said pre- and post- shift work, and transportation time, often caused those "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

51. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

52. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform work both before and after their work shift, and transport company property and equipment, as an integral and indispensable part of, or as the principle activities of performing their job.

53. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires these employees to perform work both before and after their shifts and transport company property and equipment as an integral and indispensable part of the principle activities of performing their job. In turn, this denies similarly situated employees their overtime compensation.

54. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires Plaintiffs and those similarly situated to perform pre- and post- shift work and transport company property and equipment without compensation.

55. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C.

11

§216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

56. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiffs because their claims are similar to the claims of the putative representative action Plaintiffs.

57. The names and addresses of the putative representative action Plaintiffs are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

58. Defendants failed to compensate Plaintiffs and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

59. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

60. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative representative action Plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate

of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

61. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative representative action Plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Donatti and Cowan as Representative Plaintiffs of the putative representative action plaintiffs;

d. An award of damages for overtime compensation due to the Plaintiffs and the putative representative action Plaintiffs, to be paid by Defendants;

f. An award of liquidated damages for overtime compensation due to the Plaintiffs and the putative representative action to be paid by Defendants; or

g. Pre Judgment and Post-Judgment Interest as provided by law;

h. Plaintiffs Costs and expenses of this action incurred herein including expert fees;

i. Reasonable attorneys' fees; and

i. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II - FAILURE TO PAY EARNED WAGES AND OVERTIME
### (Mo. Rev. Stat. § 290.500, *et seq.*)

62. Plaintiffs reallege and incorporate by reference each and every averment of this Complaint as though fully set forth therein.

63. At all times material herein, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, *et seq.*

64. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

65. Defendants are subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because they are employers in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiffs and other similarly situated employees of Defendant are employees under Mo. Rev. Stat. § 290.500(3).

66. Defendants violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for all hours worked and failing to pay employees for overtime. In the course of perpetrating these unlawful practices, Defendants willfully failed to

14
Case 2:11-cv-04166-MJW   Document 1   Filed 06/27/11   Page 14 of 17

keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

67. Plaintiffs and all similarly situated employees are victims of an unlawful and entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

68. Plaintiffs and all similarly situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time worked and for overtime premium pay within the two years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited.

69. Defendants acted in bad faith and without reasonable grounds to believe its actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Mo. Rev. Stat. § 290.505.

70. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendants from Plaintiffs and other similarly situated employees for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of

15

Case 2:11-cv-04166-MJW   Document 1   Filed 06/27/11   Page 15 of 17

this action.

**WHEREFORE**, Plaintiffs, and all similarly situated employees, demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which Plaintiffs and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,

**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

*/s/ Mark A. Jess*
Mark A. Jess MO #37946
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph: 816.474.4600
Fx: 816.474.4601
E-mail: mark.jess@employeerightslawfirm.com
Website: www.employeerightslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

and

**THE HODGSON LAW FIRM, L.L.C.**

*/s/ Michael Hodgson*
Michael Hodgson MO FED: KS # 21331
E-mail: *mike@thehodgsonlawfirm.com*
11605 W. 116th St.
Overland Park, KS 66210
Tel: (913) 890-3529
**ATTORNEYS FOR PLAINTIFF**

17