IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

PETER DONATTI, *et. al.*,            )
                                      )
                                      )
            Plaintiffs,               )
                                      )  Case No.: 2:11-CV-04166-MJW
vs.                                   )
                                      )
                                      )
CHARTER COMMUNICATIONS,               )
L.L.C., *et. al.*,                    )
                                      )
                                      )
            Defendants.               )

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND SEPARATE MOTION FOR PROTECTIVE ORDER

Defendants Charter Communications, LLC, and Charter Communications, Inc. (collectively "Charter") offer the following Opposition to Plaintiffs' Motion for Protective Order (Doc. 25). Separately, Charter moves for entry of the Protective Order Plaintiffs attached as Exhibit 2 to their Motion (Doc. 25). In support of the foregoing, Charter offers the following:

### PRELIMINARY STATEMENT

Charter agrees with Plaintiff's framing of the issue as "whether the named plaintiffs should have complete access to the documents produced during discovery" (Doc. 25 at 2 of 9). In effect, Charter's position is that the Court should enter a protective order containing an "attorney's eyes only" restriction for a limited class of information ("Highly Confidential" under each of the proposed Protective Orders), especially in light of the fact that Plaintiffs are current, active Charter employees; Plaintiffs disagree. On that point, Charter notes the following:

- As pointed out above, each of the Plaintiffs (Peter Donatti and Matthew Cowan), are *current* Charter employees;

- In their proposed Protective Orders, the parties agreed upon the categories of documents that shall qualify for "Highly Confidential" protection (Doc. 25 at Ex. 3 ¶ 5);

- In their proposed Protective Order (Doc. 25 at Ex. 1), Plaintiffs' position is that they should have routine and unrestricted access to "Highly Confidential" information, regardless of the type (Doc. 25 at Ex. 1 ¶ 6(a));

- In its proposed Protective Order (Doc. 25 at Ex. 2), Charter requests that Plaintiffs not have routine, unrestricted access to "Highly Confidential" information (Doc. 25 at Ex. 2 ¶ 6). Instead, Charter requests that Plaintiffs be allowed access to "Highly Confidential" information only if Charter cannot show it qualifies as "Highly Confidential" (Doc. 25 at Ex. 2 ¶ 16). If Charter meets its burden, then the Court would--in effect--rule that Plaintiffs are not entitled to review that "Highly Confidential" information, unless Plaintiffs show a compelling need for their personal access to such information.[1]

- Charter can identify categories of potentially relevant information as to which it would be inappropriate, or detrimental to Charter's business interests to permit Plaintiffs personal access to such information. Categories of such information include: personnel information as to other Charter employees;

---

[1] As Plaintiffs point out in footnote 1, Charter offered to entertain even with information properly designated "Highly Confidential" any request from Plaintiffs' counsel that they be allowed to share specific information with Plaintiffs, without removing the "Highly Confidential" designation and without involving the Court. Plaintiffs rejected that request. If the Court enters Charter's Protective Order as requested, Charter will again extend that offer, which may allow the parties to resolve any such issue.



strategic information affecting Plaintiffs' employment; supervisory instruction and training information addressed to Plaintiffs' direct supervisors.

In short, Plaintiffs request that the Court decide presently that Plaintiffs are entitled to review any and all information that qualifies as "Highly Confidential." As a practical matter, this defeats the purpose of the "Highly Confidential" designation. Under Plaintiffs' proposal, Charter cannot protect "relevant responsive information from disclosure to Plaintiffs," or to do so Charter would have to withhold it from production entirely, and involve the Court in dealing with all such information through a Motion to Compel.

Charter's proposal will allow the parties to proceed much more efficiently. Rather than withhold "Highly Confidential" information, Charter would produce it for counsel's review and use. If counsel believes the information does not qualify for classification as "Highly Confidential," then they would notify Charter.[2] At that point, Charter would decide whether to maintain the designation. If so, then Charter would have to address the matter to the Court and persuade it of the propriety of the designation. As such, Charter in good faith believes its proposal would be more efficient and less difficult/contentious, that it would almost certainly involve the Court in fewer discovery disputes, and would protect its legitimate interest in the protection of certain information the individual Plaintiffs have no need to review.

---

[2] As explained in footnote 1, Plaintiffs' counsel could in advance of taking such action ask Charter to consider allowing them to review such information with Plaintiffs, which request Charter would consider in good faith.

## ARGUMENT

### 1. Under Rule 26, Courts Routinely Enter And Enforce Attorney's Eyes Only Provisions, Especially With Respect To Current Employee Plaintiffs.

"[T]he Court . . . is tasked with maintaining the confidentiality of materials, like personnel files of non-litigant parties, unsuited for public disclosure." *See U.S. ex rel. Liotine v. CDW Gov't*, No. 3:05-CV-33, 2011 WL 2293280, at *2 (S.D. Ill. June 9, 2011). In effect, Charter requests that the Court fulfill that objective through a Protective Order that includes an "attorney's eyes only" provision, and Plaintiffs object.

It is well-settled that "a court may order that confidential information not be disclosed to the client by the attorney." 8A *Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure* § 2041, n.11 (2010). Indeed, "[t]he most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these persons may put the information." *Id.* at § 2043.

With respect to other employee's personal information, "[s]uch protective orders are commonly granted . . . as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation." *Knoll v. Am. Telephone & Telegraph Co.*, 176 F.3d 359, 365 (6th Cir. 1999)[3]; *see also Soule v. RSC Equipment Rental, Inc.*, No. 11-2022, 2012 WL 425166, at *3 (E.D. La. Feb. 9, 2012) (entering protective order with "attorneys' eyes only" provision with respect to non-party personnel files); *Davis v. Precoat Metals*, No. 01-C-5689, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) ("The Court is sensitive to the defendant's concern for

---

[3] In *Knoll*, the court explained "It is clear that defendants had a valid interest in the privacy of nonparty personnel files and that it was within the district court's power to grant the challenged protective order. It was thus plaintiff's burden to offer that the protective order would substantially harm his ability to collect the evidence necessary for prosecution of his case." 176 F.3d at 365. Here, Plaintiffs have not met that burden.

the privacy rights of non-party employees. . . . [Accordingly], the court orders that the personnel files shall be subject to an appropriate order ensuring that those files will be limited to attorneys' eyes only . . . .").

With respect to Charter's confidential information, "[p]rotective orders that limit access to certain documents to counsel and experts only are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information." *Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992); *see also Tinn v. EMM Labs, Inc.*, 556 F. Supp. 2d 1191, 1196 (D. Or. 2008) (upholding attorneys' eyes only designation on documents containing sensitive competitive information in light of potential competitive harm to defendant); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 873 (E.D. Pa. 1981) ("[I]t is clear that a court may protect a party from being put at a competitive disadvantage."). Of course, Plaintiffs are not Charter competitors, but they are its rank and file employees. But, the proposed Protective Order will nevertheless "ensure that sensitive information won't be revealed inadvertently to individuals not officers of the court and bound by no corresponding ethical duty." *CDW Government, Inc.*, 2011 WL 2293280, at *2.

Finally, the "Highly Confidential" designation will not substantially interfere with communications between Plaintiffs and their counsel, especially given that the orders proposed by both Plaintiffs and Defendants provide that "[n]othing in this Protective Order shall bar or otherwise restrict any attorney from advising his or her clients with respect to the above-captioned matter and in the course thereof, referring to or relying upon the attorney's examination of 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL' information . . . ." (Doc. 25 at Exs. 1-2 ¶ 18. Indeed, the *CDW Government* court made special note of the availability of

such a provision. *See* 2011 WL 2293280, at *2 (noting that "if [plaintiff's] counsel finds information it wishes to discuss with [plaintiff], the protective order contains provisions that will allow it to do so").[4]

That the plaintiffs purport to represent a class does not alter the foregoing. Indeed, in *Luna v. Kellogg Co.*, No. 11 C 2175, 2011 WL 4905622, at *1 (N.D. Ill. Oct. 14, 2011), the Court ordered third-party contact information produced "subject to a protective order that provides that this contact information is to be treated as Attorneys Eyes Only (meaning Plaintiff's attorneys and necessary staff only) . . . ."

In light of the foregoing, Charter respectfully requests that the Court enter its proposed Protective Order (Doc. 25 at Ex. 2). Considering that Plaintiffs are current employees, Charter obviously has an interest in keeping confidential the personal personnel information of third-parties, including those who are currently Charter employees. Separately, Charter has an interest in keeping confidential from the individual Plaintiffs (as opposed to their counsel) certain confidential and proprietary business information that they would have no ethical duty to keep confidential. Charter's proposed Protective Order protects those interests, while allowing Plaintiffs a reasonable process for challenging any mis-identification of information as "Highly Confidential." Plaintiff's proposed Protective Order does not.

2.     **This Court Should Not Extend The Discovery Deadline.**

Charter believes Plaintiffs' request for an extension of discovery is premature. Once the Court rules on the parties' proposed Protective Orders, Charter will comply with the Court's ruling. At this point, there is no reason to believe that the parties will not able to complete

---

[4]In footnote 1, Plaintiff suggests Charter's proposal may implicate their work product. Charter disagrees. If Plaintiffs follow the process in Doc. 25 at Ex. 2 ¶ 16, then their counsel's work product is not implicated.

-6-

KCP-4204339-1 Case 2:11-cv-04166-MJW   Document 27   Filed 03/02/12   Page 6 of 8

discovery on the Threshold Issues (*see* Doc. 18) during the time prescribed in the Scheduling Order (*id.*). If for some reason they cannot, then the parties will attempt to reach agreement on an extension. If they are unable to do so, then the Court may entertain a motion for extension at that time.

CONCLUSION

For the foregoing reasons, Charter respectfully requests that the Court (a) deny Plaintiffs' request for entry of the Protective Order attached as Ex. 1 to Doc. 25; (b) deny Plaintiffs' request for an extension of the deadline for discovery related to the Threshold Issues; and (c) enter the Protective Order attached as Ex. 2 to Doc. 25.

Dated: March 1, 2012

Respectfully submitted,

HOGAN LOVELLS US LLP
David Dunn, Esq.
875 Third Avenue
New York, NY 10022
Telephone:  (212) 918-3000
Facsimile:   (212) 918-3100

Robin J. Samuel, Esq.
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4600
Facsimile:   (310) 785-4601

and

Jeffrey D. Hanslick     MO 46693
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
Fax: (816) 983-8080
jeffrey.hanslick@huschblackwell.com

*Attorneys for Defendants*
CHARTER COMMUNICATIONS, LLC and
CHARTER COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

By signing below, I certify that I served an original of the above and foregoing document on counsel for Plaintiffs via electronic mail this 2nd day of March, 2012, at the addresses below.

EMPLOYEE RIGHTS LAW FIRM
Law Offices of Mark A. Jess, LLC
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
816 474 4600 (telephone)
816 474 4601 (fax)
mark.jess@employeerightslawfirm.com

and

THE HODGSON LAW FIRM, LLC
Michael Hodgson
11605 W. 116th Street
Overland Park, KS 66210
913 890 3529 (telephone)
mike@thehodgsonlawfirm.com

_____
COUNSEL FOR DEFENDANTS

-8-

KCP-4204339-1 Case 2:11-cv-04166-MJW Document 27 Filed 03/02/12 Page 8 of 8