IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PETER DONATTI | )<br>) |
| AND | )<br>) |
| MATTHEW COWAN | )<br>) |
| On Behalf of Themselves and<br>All Others Similarly Situated, | )    Case No. 2:11-cv-04166-MJW<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>)<br>) |
| CHARTER COMMUNICATIONS,<br>L.L.C. | )<br>) |
| Defendant. | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF PROTECTIVE ORDER**

**COME NOW** Plaintiffs, on behalf of themselves and all other employees similarly situated, and hereby set forth the following Reply in support of their Motion for Protective Order.

**INTRODUCTION**

Defendant's Response is based almost entirely on three arguments, (1) judicial economy would be served in granting Defendant's proposal, (2) other courts have allowed documents to be withheld from plaintiffs, and (3) Plaintiffs in this case are not obligated to keep confidential information private. As described below, none of Defendant's arguments are compelling enough to defeat Plaintiff's proposal.

    **1. Contrary to Defendant's argument, judicial economy is not served by its proposal**

Defendant baldly argues in its Response that should Plaintiffs' proposal be granted and the named Plaintiffs be allowed to review "Highly Confidential" documents, anything Defendant

1

deemed to be "Highly Confidential" would simply be withheld from production, thus necessitating a motion to compel from Plaintiffs (Doc 27, pg.3). What Defendant submits here would seem to be an ultimatum that unless Defendant's proposal is granted, there will be far more motion practice for simple discovery requests, even if the Court has otherwise ordered. Defendant does not argue, or even suggest, that documents requested that could be designated Highly Confidential would be produced in accordance with regular discovery rules and the expectation of the Court. Defendant suggests the opposite in fact, that any document it deemed as "Highly Confidential" would simply be withheld, notwithstanding the order of this Court, and Defendant would *require* a motion to compel to be filed to produce each of those documents.

In essence, Defendant is threatening Plaintiffs and this court with substantial and unnecessary motion practice if it does not get the protective order granted in the way that it has proposed. This is an unfortunate and improper position for Defendant to propose because it would require that Plaintiffs file a motion to compel for discoverable documents that would otherwise be produced in the ordinary course or litigation[1]. The decrease in judicial economy that Defendant describes if Plaintiffs' proposal is granted is *entirely* of Defendant's making; if Defendant simply complied with the order of the Court and produced documents when they are properly requested, Plaintiffs would see no reason to ever file a motion to compel.

Defendant arguing that their proposal increases judicial economy because Plaintiffs will have to file fewer motions to compel is nonsensical. It seems Defendant is arguing, "if we don't get our way we will make it as difficult as possible to get properly requested discovery, to and including failing to properly answer the discovery requests." The extra motion practice would be of the Defendant's own making, and would be wholly improper. Judicial economy is best served

---

[1] It goes without saying that any motion to compel on properly discoverable documents filed by Plaintiffs would have with it an accompanying motion for sanctions, although Plaintiffs would hope that this would be a last resort after negotiating in good faith.

2

if Defendant simply complies with its obligations under the Federal Rules and the orders of this Court and produces documents properly requested, no matter which proposal the Court ultimately orders.

**2. Defendant's assertion that Plaintiffs are often restricted from seeing sensitive documents is not persuasive in this case**

Defendant's second argument is that these types of Highly Confidential provisions have been granted in other cases and thus should be granted in this case. Defendant fails to cite a number of points that are important in this analysis. First and foremost, there are cases where Courts have found that even "highly confidential" documents should be seen by the named Plaintiffs. In MGP Ingredients, Inc. v. Mars, Inc., 06-2318 JWLDJW, 2007 WL 756645 (D. Kan. Mar. 8, 2007) the court found that Defendants' two-tiered protective order system would hamper Plaintiffs' ability to assess the merits of the litigation and denied Defendant's request for the same. In that case, the Court took a reasoned look at the facts and decided on the merits of that action whether the plaintiffs should be allowed to view highly confidential documents and allowed the same.

Plaintiffs acknowledge that two tiered protective orders where plaintiffs cannot view certain documents have been granted by courts in the past and that there is no doubt they will be granted by courts in the future. The mere fact that something has happened in another case is not a reason that it should be granted in the instant case.

Each of the cases where courts have ordered that Plaintiffs be restricted from viewing some documents, there has been good reason to restrict such access and the court has taken time to analyze the specific factual instances where it might be necessary. The courts in these cases have given specific factual reasons relating to the details of each individual case as to why the documents should be withheld from plaintiffs. The cases cited by defendant generally stand for

3

the fact that *nonparty* personnel files should be kept from the Named Plaintiffs' eyes. This is irrelevant in this circumstance however, because Charter has refused to produce documents regarding non-parties. In fact Charter specifically objects to Plaintiffs requested discovery by stating "In responding to these requests, Charter will produce documents and information regarding only the named Plaintiffs Peter Donatti and Matthew Cowan." Defendant has failed to show why the two representative plaintiffs *in this case* should be restricted from viewing Highly Confidential documents.

**3. Plaintiffs are already obligated to keep confidential information private**

Defendant finally argues that Plaintiffs are not governed by the same ethical guidelines that attorneys are subject to and thus, they are more likely to disclose Highly Confidential information to the general public. However, by filing this lawsuit and subjecting themselves to the jurisdiction of this Court, the Plaintiffs in the case have already agreed to abide by this Court's decisions. Plaintiffs fully understand that information that is confidential is to be kept confidential. It also goes without saying, that if Plaintiffs do not abide by the Court's order and disclose confidential information to unauthorized individuals, the Defendants have the same recourse as they would if an expert or court reporter were to make the information public; have a hearing and impose whatever sanctions the court might find necessary under the circumstances.

Arguing that Plaintiffs have no duty to keep confidential information private is simply incorrect. Granted, Plaintiffs are not bound by attorneys' guidelines of professional conduct, but they are still subject to the orders of this Court, which is the same obligation any other non-attorney is under in the case.

**CONCLUSION**

4

For the foregoing reasons, plaintiff respectfully requests that the Court 1) reject Defendant's proposed Protective Order and grant Plaintiffs' Proposed Protective Order and 2) grant an extension of time to complete discovery equal to amount of time necessary for the Court to rule on this issue, and 3) any other and further relief this Court deems just and proper.

Respectfully Submitted,

**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

*/s/ Mark A. Jess*
Mark A. Jess MO #37946
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph: 816.474.4600
Fx: 816.474.4601
E-mail: mark.jess@employeerightslawfirm.com

and

**THE HODGSON LAW FIRM, L.L.C.**

*/s/ Michael Hodgson*
Michael Hodgson   MO 63677
E-mail: mike@thehodgsonlawfirm.com
6 NW Main St.
Lee's Summit, MO 64063
Tel: (913) 890-3529

and

**GAUGHAN CUNDIFF HERMAN & CONNEALY**

*/s/ K.C. Connealy*
K.C. Connealy, MO #57239
4400 College Boulevard, Suite 190
Overland Park, Kansas 66211
913-262-2000
913-904-1348 (Facsimile)
connealy@gchclaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2012, Plaintiff served the foregoing pleading via the ECF system to all counsel of record.

By:   */s/ Michael Hodgson*
         Michael Hodgson

6