IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PETER DONATTI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11-4166-CV-C-MJW |
| | ) | |
| CHARTER COMMUNICATIONS, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Both plaintiffs, Peter Donatti and Matthew Cowen, and defendants Charter Communications, L.L.C., and Charter Communications, Inc., (hereinafter "Charter") have filed motions for partial summary judgment pertaining to the effect of the settlement in Goodell v. Charter Communications, L.L.C., No. 08-512-bbc (W.D. Wis. 2010), on plaintiffs' claims from June 27, 2008, to May 24, 2010. The motions are fully submitted.[1]

In the First Amended Complaint, plaintiffs, on behalf of themselves and all similarly situated "Cable Technicians," seek unpaid wages and overtime compensation from Charter. Plaintiffs allege that Charter violated state wage laws and the Fair Labor Standards Act "FLSA," 29 U.S.C. § 201, et. seq. At issue in the motions for partial summary judgment are the FLSA claims asserted by plaintiffs. The relevant period for plaintiffs' FLSA claims is June 27, 2009, through June 27, 2011, or if Charter is determined to have acted willfully, the FLSA provides the relevant dates would be June 27, 2008, to June 27, 2011. The motions argue the issue of whether plaintiffs continue to have viable claims, pursuant to the FLSA, even after the settlement agreement and judgment was entered in another district court in a case titled Goodell v. Charter Communications, LLC.

Charter asserts that plaintiffs and all other members of the Goodell settlement class specifically released any and all wage-and-hour claims against Charter up to and including May 24, 2010. Charter asserts that the Goodell settlement included both the named plaintiffs Donatti

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

and Cowan. Charter asserts that neither of the plaintiffs opted out of the settlement in Goodell and is, therefore, bound by the Goodell settlement. Accordingly, Charter asserts that plaintiffs are precluded from asserting any wage-and-hour claims, including FLSA claims, for any period covered by the Goodell settlement agreement (in Missouri, the relevant class period was August 25, 2008, through August 25, 2010). Charter asserts that plaintiffs' claims under the FLSA for the relevant period covered by Goodell are barred by res judicata.

Plaintiffs assert they are two current employees who, like all technicians employed by Charter at any time during the "class period," were included in the Rule 23 class action in Goodell. Plaintiffs assert that neither participated in the Goodell case or settlement, and neither received any monetary or other kind of relief from the Goodell settlement. Plaintiffs allege their instant action is based on two grounds: (1) Charter continues to violate the Fair Labor Standards Act and applicable state law by failing to compensate its cable installers for time spent transporting equipment and materials to and from customer locations for the period after the Goodell settlement (for Missouri, the Goodell class period was August 25, 2008, through August 25, 2010); and (2) plaintiffs' FLSA claims were not extinguished by the Goodell settlement agreement, and therefore, plaintiffs also assert FLSA claims for the period of June 27, 2008, through May 24, 2010. Plaintiffs do not assert state law claims for the period of June 27, 2008, through May 24, 2010. Plaintiffs concede their state law claims for the time frame up to August 25, 2010, were extinguished, pursuant to the Goodell settlement under Rule 23 of the Federal Rules of Civil Procedure.

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and

2

admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this Court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the Court must grant summary judgment.  Fed. R. Civ. P. 56(c).

## Discussion

Upon review, and for the reasons set forth below, this Court finds that the material facts are not in dispute, and that as a matter of law, Charter is not entitled to partial summary judgment pertaining to the effect of the Goodell settlement agreement and judgment, and plaintiffs are entitled to partial summary judgment as a matter of law as to the effect of the Goodell settlement agreement and judgment.

Background of the Law

A "class action" lawsuit alleging violation of state wage law can be brought, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  A "collective action" alleging violation of the federal FLSA can be brought, pursuant to 29 U.S.C. § 216(b).  The courts are divided on whether Rule 23 class actions and section 216(b) collective actions are compatible within the same case. See Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662 (D. Md. 2011) (discussing division among the courts).  In this circuit, courts have held that even though Rule 23 class actions are inherently different from section 216(b) collective actions, the two are not inherently incompatible and can exist parallel in the same case.  See Osby v. Citigroup, Inc., 2008 WL 2074102 * 3 (W.D. Mo. 2008) (although fundamentally different, FLSA claims and state law claims can be fairly adjudicated in the same case).  See also Salazar v. Agriprocessors, Inc., 527 F. Supp. 2d 873 (N.D. Iowa 2007) (same).

3

Parallel claims under Rule 23 and section 216(b) require a court to manage the differences between section 216(b) opt-in and Rule 23 opt-out provisions. Section 216(b) of the FLSA states: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." See also Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005) (similarly situated employee does not become a plaintiff and is not bound by a subsequent judgment in a case proceeding under § 216(b) unless he gives his consent in writing to become such a party and files consent where the action is pending."). In contrast, Rule 23(b)(3) requires that class members must affirmatively opt out of the litigation in order to be excluded from the class and not bound by the court's decisions. See Carden v. Scholastic Book Clubs, Inc., 2011 WL 2680769 at *1 (W.D. Mo. 2011) ("under section 216(b), a similarly situated employee must "opt in" to the collective action to be bound by the proceedings outcome, whereas under Rule 23, a similarly situated plaintiff must "opt out" to avoid being bound."); See also Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 673 (D. Md. 2011) (employee may bring an FLSA class action on behalf of herself and other employees who are similarly situated; however, "unnamed plaintiffs must affirmatively opt in using a court approved form in order to join the case.").

FLSA Claims in Previous Rule 23 Class Action of Goodell

Charter's argument that the Rule 23 class action settlement in Goodell resolves the FLSA claims of plaintiffs who did not opt in to the Rule 23 action is without merit.

The FLSA statute and case law do not support that FLSA claims can be resolved by settlement or otherwise based on Rule 23 opt-out procedures. While Rule 23 and section 216(b) can proceed concurrently in the same case, see Osby at *4 ("[S]tate law opt-out class [can] proceed alongside the federal opt-in collective action in the same case."), they must be resolved separately. See, e.g., Butler at 674 (court held Rule 23 and FLSA plaintiffs would only receive the relief prescribed under the law governing the part of the case in which they were involved; plaintiffs may be part of both FLSA group and Rule 23 class or they may be in one group but not the other). See also Osby, No. 07-6085 (W.D. Mo. 2012) (Doc. 145) (settlement approval separating FLSA and state law release of claims based on opt-in and opt-out requirements). "An examination of whether a class should be certified under Rule 23 follows much different

4

standards than an examination of whether a collective action should be . . . certified under the FLSA." Davis at 818.

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA s 16(b). In Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under s 16(b) of FLSA, on the other hand no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.

Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975).[2]

The certification of a Rule 23 class does not affect an employee's ability to opt in or not to an FLSA collective action. Calderon v. GEICO General Ins. Co., 279 F.R.D. 337, 342 (D. Md. 2012) (citing Espenscheid v. DirectSat USA, LLC, 708 F. Supp. 2d 781, 793 (W.D. Wis. 2010)). "Rule 23 cannot be invoked to circumvent the consent requirement of the third sentence of FLSA s 16(b)." Schmidt at 536. Thus here, Charter's assertion that the Rule 23 opt-out procedures were sufficient to extinguish the FLSA claims of all eligible Charter employees, including those who did not opt in to the Goodell settlement, fails. While some courts believe such preclusion can be allowed, e.g., Klein v. Ryan Beck Holdings, Inc., 2007 WL 2059828 *7 (S.D.N.Y. 2007), this Court does not find this case law persuasive.[3] Rather, this Court finds the analysis set forth in the decision of LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (11th Cir. 1975), to be persuasive. In LaChapelle, the court found "[i]t is crystal clear that s 16(b) precludes pure Rule 23 class actions in FLSA suits." LaChapelle is consistent with the holding of recent district court decisions in Illinois and California. In La Parne v. Monex Deposit Co., 2010 WL 4916606 * 3 (C.D. Cal. 2010), the court held that with regard to approval of settlement terms, "under no circumstances can counsel collude to take away FLSA rights including the worker's right to control his or her own claim without the burden of having to opt out of someone else's lawsuit. . . . [O]nly class members who affirmatively opt in to the settlement should be bound by the Settlement's release of FLSA liability." In Butler v. American Cable & Telephone, LLC, 2011 WL 4729789 *12 (N.D. Ill. 2011), the court stated "we disagree with the

---

[2] FLSA § 16(b) is codified in Title 29, United States Code, Section 216(b).
[3] Klein court held that FLSA claims of putative class members were extinguished when class members failed to opt out of Rule 23 class action on those same claims.

5

Objectors' assertions that the parties' Agreement would still extinguish the FLSA claims of even those workers who do not affirmatively opt in. . . . This is consistent with language of FLSA and our prior opinion, in which we held the parties could not agree to release claims of absent class members who do not opt in."

Res Judicata

Charter's argument that res judicata precludes the plaintiffs' FLSA claims is also without merit.

Although it appears that in Goodell the parties may have attempted to extinguish all Charter employees' FLSA claims, even if the employees had not opted in to the case contrary to the requirements of section 216(b), the lack of a collective action or certification under section 216(b) precludes such an effect.

There is no dispute that plaintiffs in the Wisconsin court action of Goodell did not seek, nor did the court grant, certification of an FLSA collective action, pursuant to section 216(b). It is clear that the requirements of pursuing a section 216(b) collective action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure. Graham v. Town & Country Disposal of Western Missouri, Inc., 2010 WL 5173181 *1 (W.D. Mo. 2010). See also AON Corp. Wage & Hour Employment Practices Litigation, 2010 WL 1433314 (N.D. Ill. 2010) (citing differences in Rule 23 class action and section 216(b) collective action, court granted separate certifications under Rule 23 for state minimum wage law claims, and under section 216(b) for FLSA claims, difference in what members are bound by a judgment was noted as the reason for separate certifications). Accordingly, the court's certification of only the Rule 23 class action made the FLSA claims in the settlement agreement simply individual actions on behalf of the named plaintiffs in the case and those plaintiffs who opted in to the settlement agreement. Espenscheid v. DirectSat USA, LLC, 688 F.3d 872, 877 (7th Cir. 2012) (if a collective action is not certified, it is simply the individual action on behalf of the named plaintiffs). Without certification, the FLSA claims of the plaintiffs in this case, who did not opt in to the settlement agreement, were not resolved by the settlement agreement in Goodell. See id. See also Espenscheid v. DirectSat USA, LLC., 708 F. Supp. 2d 781, 792 (W.D. Wis. 2010) (finding that while Rule 23 and FLSA could proceed alongside of each other, the "plaintiffs must still meet the requirements for collective action and class action

certification."). See also McCormick v. Festiva Development Group, LLC, 2010 WL 582218 *8 (D. Me. 2010) (court determined that side-by-side opt-in and opt-out mechanism was the appropriate manner in which to proceed on a hybrid claim of state law wage claims and FLSA claims; while the maintenance of side-by-side opt-in and opt-out mechanisms may pose case management difficulties, it necessarily does not undermine the limitation of FLSA collective actions to opt-in participants only); Brown v. Money Tree Mortg., 222 F.R.D. 676, 679 (D. Kan. 2004) (FLSA claim must be certified under section 16(b) and cannot be certified under Rule 23); and above discussion titled "FLSA Claims in Previous Rule 23 Action of Goodell."  Therefore, plaintiffs cannot be said to have been a part of the Goodell settlement class, and claim preclusion does not apply.  Further, because FLSA claims are that of the individual plaintiff, FLSA claims cannot be said to be barred by issue preclusion either.  See 29 U.S.C. § 216(b) (providing that FLSA action may be brought only by an employee for himself and on behalf of other employees similarly situated who have given consent, in writing, to become such a party).  See also Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1249 (11th Cir. 2003) ("§ 216(b) is a fundamentally different creature than the Rule 23 class action.  Even if the § 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him, . . . he has no right to represent them.").  Under the FLSA, even in a collective action, only those claims of employees who opted in are extinguished.  See Cameron-Grant at 1249 ("Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent. . . .  Until such consent is given, 'no person will be bound by or may benefit from the judgment.").

     Charter's cites to case law, such as Chao v. A-One Medical Services, Inc., 346 F.3d 908, 921-22 (9th Cir. 2003) (affirming dismissal of employee's FLSA claim because that individual employee had previously litigated his state law claim for overtime against employer), and Molina v. Sea-Land Servs., Inc., 2 F. Supp. 2d 180, 184-85 (D. Puerto Rico 1997) (holding FLSA claims were precluded for an employee because that same individual had filed a previous state court class action in which a judgment was entered on the employee's state wage claims), do not support that the plaintiffs here are bound by the Goodell FLSA judgment.  This is because the facts in this case do not match those in the cases cited by Charter.  Rather, the facts here are that plaintiffs did not file the Goodell Rule 23 lawsuit, did not opt in to the suit and did not receive

7

any benefit from the Goodell suit.[4]  Cf: Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003) (plaintiffs who opted-in to a Rule 23 state wage law class action were bound by the judgment which later also included FLSA claims).  Moreover, Goodell did not certify an FLSA section 216(b) (a/k/a FLSA section 16(b)) collective action.  The only action certified as a class was the Rule 23 state wage claim action.  As stated above, "Rule 23 cannot be invoked to circumvent the requirement of the third sentence of FLSA section 16(b)."  LaChapelle, 513 F.2d at 289.  See also Schmidt v. Fuller Brush Co., 527 F.2d 532 (8th Cir. 1975) (court's class action certification, pursuant to Rule 23, for FLSA claims violated the express terms of section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b)).  Charter's cite to Espenscheid, 708 F. Supp. 2d at 792, fails to support that plaintiffs' claims are precluded by res judicata.  In this particular Espenshceid case, the judge specifically stated, "of course plaintiffs must still meet the requirements for a collective action and a class action certification."  There was no certification of a collective action under the FLSA in Goodell, and therefore, the FLSA claims of the plaintiffs here who did not file in Goodell or opt in to the Rule 23 suit, are not precluded by res judicata.  This does not undermine the fact that plaintiffs' Rule 23 state law wage claims for the relevant dates of Goodell are precluded; rather this application of the law prevents the voiding of the FLSA by pure Rule 23 state law wage class actions.

     For the reasons set forth above, this Court does not find the case of Kuncl v. IBM Corp., 660 F. Supp. 2d 1246 (N.D. Ok. 2009), asserted by Charter to be persuasive.[5]  This Court finds that the law, as applied to the facts in this case, does not support that plaintiffs' FLSA claims are barred by res judicata.  This Court has considered the important policy considerations behind res

---

[4] Although neither plaintiff Donatti nor plaintiff Cowan received any monies, tax write-offs for the cy pres fund, or any other benefit from the Goodell settlement, the plaintiffs are bound by the Goodell judgment as to the state class action wage claims which were clearly resolved by the court, pursuant to the Rule 23 certification.  Donatti and Cowan do not contest this issue, noting that in order not to be bound by a judgment in a Rule 23 class action suit, they would have had to opt out.  Plaintiffs do not dispute that they failed to opt out of the Rule 23 class action state law wage claim lawsuit.

[5] Kuncl v. IBM Corp., 660 F. Supp. 2d 1246 (N.D. Ok. 2009), held that where district court had certified a class action under Rule 23, and a parallel collective action under section 216(b), the settlement agreement reached in the case precluded state and FLSA claims of all putative class members who did not opt out of the Rule 23 action, regardless of whether they did or did not opt in to the section 216(b) FLSA collective action.

8

judicata, but finds that a determination of res judicata in this case is not appropriate and denies plaintiffs their rights under the FLSA. To determine otherwise would essentially eliminate the requirements of FLSA collective action certification which are distinct from Rule 23 certification, as well as the opt-in requirement of the FLSA.

## Conclusion

Accordingly, this Court finds that the judgment entered in <u>Goodell</u> has no preclusive effect on plaintiffs' FLSA claims in this case. This finding, as set forth above, is not a collateral attack on the judgment entered in <u>Goodell</u>.

IT IS, THEREFORE, ORDERED that the partial motion for summary judgment filed by plaintiffs Peter Donatti and Matthew Cowen is granted. [37] It is further

ORDERED that the partial motion for summary judgment filed by defendants Charter Communications, L.L.C., and Charter Communications, Inc., be denied. [48]

Dated this 22nd day of October, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge