IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PETER DONATTI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11-4166-CV-C-MJW |
| ) | |
| CHARTER COMMUNICATIONS, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On November 28, 2012, defendants Charter Communications, L.L.C., and Charter Communications, Inc., (collectively, "Charter") filed a motion to amend order to include certification for interlocutory appeal. Plaintiffs Peter Donatti and Matthew Cowan filed suggestions in opposition to defendants' motion on December 10, 2012, and defendants filed a reply in support on December 26, 2012.

Upon review, defendants' motion is denied for the reasons set forth below.

Title 28 U.S.C. § 1292(b) is the relevant statute in determining defendants' motion. Section 1292(b) provides for an interlocutory appeal only upon certification by the district court to the court of appeals. The statute provides that certification is proper where the district court judge[1] is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification under section 1292(b) must be used sparingly for exceptional cases. White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994); Control Data Corp. v. Int'l Bus. Machs. Corp., 421 F.2d 323, 325 (8th Cir. 1970); see also Kuzinski v. Schering Corp., 614 F. Supp. 2d 247, 249 (D. Conn. 2009) (quoting Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D. N.Y. 2006)) ("Interlocutory appeals are disfavored, and, because the procedure 'was not intended as a vehicle to provide early review of difficult rulings in hard cases,' a party seeking to appeal must demonstrate 'exceptional

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

circumstances' justifying it."). The "movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id.

In applying this standard to the order on partial summary judgment entered on October 22, 2012, this Court finds that the order does not contain controlling questions of law to which there is substantial ground for difference of opinion. The order denying defendants' motion for partial summary judgment and granting plaintiffs' motion for partial summary judgment sets forth this Court's finding that the law, as applied to the facts in this case, is unambiguous. See Doc. 75. The analysis set forth in the order of October 22, 2012, is determinative in denying defendants' current motion seeking certification of an interlocutory appeal.

The Court notes defendants' arguments in support of certification of an interlocutory appeal focus on the law as applied to facts which are substantially different from the facts of this case. The facts of this case do not include parallel certifications under Rule 23 and section 216(b). Accordingly, while there is a difference of opinion between some courts as to whether parallel certifications of a Rule 23 class action and an FLSA section 216(b)[2] collective action in the same case overrides the consent or "opt-in" requirement of the FLSA collective action,[3] this issue is not presented by the facts of this case. Rather, in this case, there was only a Rule 23 certification in the prior Goodell v. Charter Communications, L.L.C. case at issue; a collective action under section 216(b) was never certified for the Goodell plaintiffs' FLSA claims. Cf: Kuncl v. IBM Corp., 660 F. Supp. 2d 1246 (N.D. Ok. 2009) (court held that where district court had certified a class action under Rule 23, and a parallel collective action under section 216(b),

---

[2] FLSA § 16(b) is codified in Title 29, United State Code, Section 216(b).
[3] Despite there being some difference of opinion, the majority of courts uphold the consent or "opt-in" requirement for FLSA section 16(b) collective actions even when there is a parallel Rule 23 class action proceeding in the same case. See Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975) ("Rule 23 cannot be invoked to circumvent the consent requirement of the third sentence of FLSA s 16(b)"); Carden v. Scholastic Book Clubs, Inc., 2011 WL 2680769 at *1 (W.D. Mo. 2011) ("under section 216(b), a similarly situated employee must 'opt-in' to the collective action to be bound by the proceeding's outcome, whereas under Rule 23, a similarly situated plaintiff must 'opt-out' to avoid being bound."); Osby v. Citigroup, Inc., 2008 WL 2074102 *3 (W.D. Mo. 2008) (requiring settlement to separate FLSA and state law release of claims based on opt-in requirements of FLSA and opt-out requirements of the Rule 23 state law claims).

2

the settlement agreement reached in the case precluded state and FLSA claims of all putative class members who did not opt out).

With only a certification of a class action under Rule 23 in the prior Goodell case, the case law does not support a substantial ground for difference of opinion on a controlling question of law in this case. Rather, the case law is consistent with this Court's holding that a Rule 23 class action, by itself, cannot extinguish FLSA claims of all putative class members of the Rule 23 class action. See e.g. Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 679 (D. Kan. 2004) ("[I]t is crystal clear that a § 16(b) precludes pure Rule 23 class actions in FLSA suits."); Espenscheid v. DirectSat USA, L.L.C., 688 F.3d 872, 877 (7th Cir. 2012) (if a collective action is not certified, it is simply the individual action on behalf of the named plaintiffs). See also Graham v. Town & Country Disposal of Western Missouri, Inc., 2010 WL 5173181 *1 (W.D. Mo. 2010) (it is clear that the requirements of pursuing a section 216(b) collective action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure).

Accordingly, for the reasons set forth in this order, and in the prior order denying defendants' motion for partial summary judgment,

IT IS ORDERED that defendants Charter's Motion to Amend Order to Include Certification for Interlocutory Appeal is denied. [81]

Dated this 16th day of January, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

3