# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

PETER DONATTI, et al., )
)
        Plaintiffs, )
)
        v. )      No. 11-4166-CV-C-MJW
)
CHARTER COMMUNICATIONS, )
L.L.C., et al., )
)
        Defendants. )

## ORDER

Before this Court are two motions submitted by plaintiffs Peter Donatti and Matthew Cowen: the March 23, 2013 Motion for Leave to File Amended Complaint, and the October 23, 2012 Motion for Equitable Tolling of the Statute of Limitations.

### Motion for Leave to File Amended Complaint

Pursuant to a status conference held on April 22, 2013, plaintiffs filed a motion for leave to file an amended complaint. Defendants have filed suggestions in opposition and plaintiffs a reply.

Except where an amendment is permitted as a matter of course under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted absent a good reason for denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994).

Upon review, this Court finds plaintiffs' proposed second amended complaint contains futile claims, and therefore, leave to file is denied. Plaintiffs' proposed amended complaint attempts to reassert claims already dismissed on summary judgment.

Allegations that compensation and timekeeping policies of Charter applicable to its Broadband Technicians who commute in Charter vehicles violate the Portal-to-Portal Act/ECFA and the Fair Labor Standards Act (FLSA) have been previously resolved by this Court. In the

order of March 29, 2013, this Court specifically granted summary judgment in favor of Charter on these claims, finding that "Charter's policies are consistent with the plain language of the Portal-to-Portal Act/ECFA, its legislative history, and established federal precedent." See Doc. 89, Order on Motion for Summary Judgment, p.25. These Charter policies included the issues alleged in plaintiffs' proposed Second Amended Complaint, including allegations that Charter technicians who commute in Charter-provided vehicles are required to "transport materials and equipment to job sites," as well as "transport company property, gather tools and paperwork, and perform other pre and post shift activities," "without being compensated for such time." See Doc. 94-2, Second Amended Complaint, pp.2, 5. See also id. at 3, 6, 8, 9. Plaintiffs cannot reassert in their amended complaint claims that have already been resolved on summary judgment in this same case. Specifically, the Court finds that plaintiffs cannot reassert claims that defendants' policies violate the ECFA and FLSA. See Doc. 94-2, Second Amended Complaint. Plaintiffs also cannot assert claims regarding practices which comply with Charter's policies. For example, plaintiffs cannot assert (as they have done in their proposed Second Amended Complaint) that the transportation of equipment and materials to job sites, the transportation of company property, the gathering of tools and paperwork, and performance of other pre and post-shift activities, as set forth in Charter's policies, violate the ECFA and FLSA; these claims were resolved on summary judgment. Leave to amend is properly denied where the substance of the amendment merely incorporates allegations which invoke legal issues already resolved by the court. See Geier v. Missouri Ethics Com'n, 715 F.3d 674, 678 (8th Cir. 2013) (where district court had already made a ruling on the applicability of the rule of law, motion to amend to add factual allegations which would again challenge the rule of law was properly denied).

The Court further notes that plaintiffs' motion for leave to amend and their proposed second amended complaint are not consistent with this Court's discussion with the parties at the April 22, 2013 status conference. The Court advised the parties at the conference that it was anticipated that defendants' motion for judgment would be denied in light of plaintiffs' request to amend their complaint to add claims that the practices, and not the policies, of Charter violated the FLSA. Specifically, plaintiffs asserted at the conference they wanted leave to amend their complaint in order to assert claims that Charter's practices required technicians to deliver money

deposits to the main office off-the-clock and that this practice violated their rights under the FLSA. This Court granted plaintiffs' request to seek leave to amend their complaint, and forwent granting defendants' motion for judgment based on this discussion.

Accordingly, plaintiffs' instant motion for leave to amend is denied. Plaintiffs will be granted an additional opportunity to file a motion for leave to amend their complaint to include the claims they asserted at the April 22, 2013 conference as remaining viable despite the Court's entry of a summary judgment finding that Charter's policies did not violate the FLSA. The Court understood plaintiffs' claims to be that Charter's practices at some facilities deviate from its written policies in that technicians such as the plaintiffs assigned to the Sedalia facility are required to travel to the central office and make cash deposits while off-the-clock, in violation of the FLSA. See Doc. 96, Reply Suggestions in Support of Motion for Leave to File Amended Complaint, pp.3-7. See also Doc. 95-1, Transcript of Status Conference, p.14. The Court is allowing this additional motion for leave to amend to be filed because of the unique procedural nature of this case by which discovery was conducted and summary judgment motions were submitted only on "threshold issues." However, as set forth above, any proposed second amended complaint must not contain allegations already addressed in this Court's prior summary judgment rulings made in this case.

**Motion for Equitable Tolling**

Plaintiffs' motion for equitable tolling of the statue of limitations for their claims, and those similarly situated, under the FLSA was filed on October 23, 2012. Defendants filed a response is opposition and plaintiffs filed reply suggestions in support. Subsequent to these filings, on March 29, 2013, this Court denied plaintiffs' motion for partial summary judgment and granted defendants' motion for summary judgment. The order on summary judgment extinguished the then pending claims of the plaintiffs. As set forth above, this Court is awaiting a new Second Amended Complaint to be filed by the plaintiffs in order to determine the claims in this case. As a result of these proceedings that occurred after plaintiffs' motion for equitable tolling was filed and fully submitted, it appears that plaintiffs' motion for equitable tolling may now be moot. However, without the benefit of a Second Amended Complaint being filed, as set forth in this order, the Court is unable to fully determine whether the motion is moot at this time. Accordingly, this Court will deny the motion, without prejudice, subject to refiling at the

discretion of plaintiffs after their Second Amended Complaint is filed as ordered herein.  The Court believes it necessary to deny the instant pending motion for equitable tolling, rather than simply await the filing of the Second Amended Complaint, because even assuming that the equitable tolling motion does not become fully moot upon filing of plaintiffs' Second Amended Complaint, the motion no longer properly reflects for what claims plaintiffs can seek equitable tolling.  The Court cannot grant equitable tolling to plaintiffs for claims that are not viable claims in this case.

IT IS, THEREFORE, ORDERED that the instant motion of plaintiffs Peter Donatti and Matthew Cowen for leave to amend is denied as futile.  [94]  It is further

ORDERED that plaintiffs are granted twenty-one (21) days in which to file a new motion for leave to amend, along with a proposed second amended complaint, as set forth in this Order.  It is further

ORDERED that plaintiffs' motion for equitable tolling of their claims, and those similarly situated, is denied, without prejudice.  [76]

Dated this 22nd day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge