**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PETER DONATTI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 11-4166-CV-C-MJW |
| | ) | |
| CHARTER COMMUNICATIONS, | ) | |
| L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

On August 12, 2013, Plaintiffs Peter Donatti and Matthew Cowan filed a motion for leave to amend. Defendants Charter Communications, LLC, and Charter Communications, Inc., (Charter) have filed suggestions in opposition and Plaintiffs reply suggestions in support.

"Leave to amend should be granted absent a good reason for denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility." Fuller v. Secretary of Defense, 30 F.3d 86, 88 (8th Cir. 1994). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Upon review of Plaintiffs' proposed Second Amended Complaint, and the filings of the parties, this Court finds that justice requires leave to amend be granted. The Court finds no good reason to deny the amendment at this time.

The parties agreed at the onset of this case to resolve only two threshold issues before proceeding further. Those threshold issues were resolved by this Court in two summary judgment orders, and resulted in the instant motion seeking leave to amend on nonthreshold issues which are now ripe for adjudication. These actions do not constitute undue delay or prejudice.

Furthermore, Plaintiffs' proposed Second Amended Complaint does not appear to be futile at this point in the proceedings, and Plaintiffs' actions do not indicate bad faith. Plaintiffs' Second Amended Complaint appears compliant with this Court's Order of July 22, 2013,

directing Plaintiffs to file a second amended complaint which does not contain allegations already addressed in this Court's prior summary judgment rulings.

In response to Defendants' objections, the Court notes that granting leave to amend does not reflect a finding by this Court that Plaintiffs' claims have merit under the FLSA or otherwise. This Court affirms the holding of the summary judgment orders previously entered, including the holding that the pre- and post-commute and pre- and post-shift activities of Charter technicians and their required transporting of equipment, as outlined in Charter's policies, do not violate the FLSA. Plaintiffs' assertion in their proposed Second Amended Complaint that required cash-drops at the main office by technicians off-the-clock (in violation of Charter's policies) is an intervening fact that changes this determination is simply an allegation. This allegation and the related allegations of Plaintiffs meet the Twombly/Iqbal standard. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Whether these allegations can be supported must be determined as this case proceeds. As with any allegation, Plaintiffs' allegations must be proved with evidence and supported by the law. To the extent that any of the allegations contained in Plaintiffs' proposed Second Amended Complaint have potentially been resolved by previous summary judgment orders, the law of the case applies, and these allegations and arguments will be foreclosed.

Because leave to amend is granted, Defendants' motion for judgment has become moot, and will be denied, without prejudice.

For the foregoing reasons,

IT IS, HEREBY ORDERED that Plaintiffs Peter Donatti and Matthew Cowan are granted leave to file their Second Amended Complaint. [98] It is further

ORDERED that the April 12, 2013 motion of Defendants Charter Communications, LLC, and Charter Communications, Inc., for entry of judgment is denied, without prejudice, as moot. [90] It is further

ORDRED that within fourteen days, the parties provide the Court with an agreed scheduling order. This scheduling order should provide for a proposed trial date no later than September 2014.

Dated this 23rd day of September, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge