IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **PETER DONATTI,** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **MATTHEW COWAN** ) | |
| ) | |
| On Behalf of Themselves and ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 2:11-cv-04166-MJW |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **CHARTER COMMUNICATIONS,** ) | |
| **L.L.C., and** ) | |
| ) | |
| **CHARTER COMMUNICATIONS, INC.** ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

### Collective Action Under the FLSA

**COMES NOW** the Plaintiffs, Peter Donatti and Matthew Cowan, on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant Charter Communications, L.L.C. and Charter Communications, Inc., ("Charter" or "Defendants") for unpaid overtime compensation and related penalties and damages. Charter specializes in telephone, internet, cable television services to businesses and residences in Missouri, and across the nation. Defendants' practices are to willfully fail and refuse to properly pay all compensation, including overtime compensation due Plaintiffs, and all other similarly situated employees, who work or worked at Defendants' locations in Missouri and throughout the United States.

2. Defendants' non-exempt employees were required to perform perform cash drops, which are principle job duties and/or duties that were integral and/or indispensable to their primary job duties, and then drive to job sites without being compensated for such time. Defendants failed, and continue to fail, to compensate these employees for this time. Doing so denies such persons compensation for all work performed and overtime pay, and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

3. Defendants' practices are in direct violation of the FLSA and Plaintiffs seek compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

4. Plaintiff Peter Donatti currently resides at 1700 S. Montgomery St., Sedalia,

Pettis County, Missouri.

5. Plaintiff Donatti is a current employee of Defendants in Sedalia, Missouri. Plaintiff was required to perform perform cash drops, which were principle job duties and/or duties that were integral and/or indispensable to his primary job duties and then drive to job sites without compensation.

6. Plaintiff Matthew Cowan currently resides at 27674 Southwood Ln., Sedalia, Pettis County, Missouri.

7. Plaintiff Cowan is a current employee of Defendants in Sedalia, Missouri. Plaintiff was required to Plaintiff was required to perform cash drops, which were principle job duties and/or duties that were integral and/or indispensable to his primary job duties and then drive to job sites without compensation.

8. Defendants have retail locations where they provides installation services for telephone, cable television and internet services located throughout Missouri and the United States including, but not limited to Missouri, Wisconsin, Illinois, Alabama, Colorado, Connecticut, Florida, Georgia, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, Montana, North Carolina, Nebraska, Nevada, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington, and West Virginia. Defendants maintain a corporate office located at 12405 Powerscourt Dr., St. Louis, MO 63131-3673. Defendant Charter Communications L.L.C. is a Delaware limited liability company registered and in good standing to do business in the state of Missouri. Defendant Charter Communications Inc. is a Delaware corporation registered and in good standing to do business in the state of Missouri.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

10. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business within this District.

11. The United States District Court for the Western District of Missouri, central division has proper venue because the acts alleged herein occurred in substantial part, within this division.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the Western District of Missouri.

13. At all relevant times, Defendants have been "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have or have had employed "employee[s]," including each of the putative representative action plaintiffs. At all relevant times, Plaintiffs and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which were enterprises engaged in commerce. At all times relevant herein, Defendants has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COLLECTIVE AND CLASS ALLEGATIONS

14. Plaintiffs held the position of Cable Technician.

15. Plaintiffs and other hourly, non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

16. As part of their jobs, Plaintiffs are required to deposit any monies received from customers at a Charter facility. Such activities are referred hereto as "cash drops."

17. Such cash drops are required to be performed either at the end of the business day that the monies were received, or alternatively, if the charter facility is closed, then prior to the start of the next workday.

18. Such cash drops are a principle activity and/or an activity that is integral and/or indispensable to Plaintiffs' principle activities, and are therefore themselves principal activities.

19. As part of its company practices, Defendants maintain certain practices, including a practice pertaining to its "cash management" policy.

20. Defendant's "cash management" policy states that employees should be paid for the time spent returning cash deposits to the Charter business locations.

21. However, Defendant's practice deviates from this policy in that Plaintiffs and other hourly, non-exempt employees were required to drive to customer sites and perform other pre and post shift activities before and after returning cash deposits to the Charter business locations. Defendants failed to, and continue to fail to, compensate employees for this time.

22. Such pre and post shift work is an integral and indispensable part of the principle

activities of Plaintiffs' job.

23. Said work causes Plaintiffs to work in excess of forty (40) hours per week.

24. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

25. Plaintiffs and other cable technicians were required to drive without pay, before and/or after performing cash drops. Such activity is considered part of the "continuous workday" within the meaning of the FLSA.

26. Plaintiffs and other cable technicians were required to transport company property without pay before and after having made cash deposits at Charter's business locations.

27. The Defendants employs/employed other employees, who, like the Plaintiffs, are/were required to perform the same or similar work in excess of forty (40) hours per week.

28. Plaintiffs and other hourly, non-exempt employees were improperly compensated under the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

29. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

30. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

31. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job, but are not paid for time spent driving to and from work sites before and/or after having made cash deposits.

32. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation practices that require these employees to perform work in excess of forty (40) hours per week without proper compensation. In turn, these practices deny similarly situated employees their overtime compensation.

33. Plaintiffs bring Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of requiring unrecorded work without pay, as well as failing to pay Plaintiffs and other similarly situated employees for all overtime hours worked. The class for the FLSA claims is defined as:

> All current and former Cable Technicians of Defendants who transported tools and equipment before and after having made cash deposits work without compensation at any time during the last three years.

34. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

35. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations,

Defendants' practice of failing to pay Plaintiffs and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendants, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I – FLSA CLAIM

36. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

37. Plaintiffs were employed by the Defendants in Sedalia, Pettis County, Missouri.

38. Plaintiffs were required to perform cash drops both before and/or after their work shift as an integral and indispensable part of the principle activities of performing their job, including returning cash deposits to Charter's business location.

39. In addition, before and/or after having performed such activities, Plaintiffs were required drive to customer locations as part of their job, yet were not compensated for such time.

40. Said work often caused Plaintiffs to work in excess of forty (40) hours per week.

41. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

42. Plaintiffs were treated as non-exempt employees by the Defendants under the FSLA.

43. Defendants employ/employed other employees, like Plaintiffs, at various sites located in Missouri, and across the nation, who, upon information and belief, are/were required to perform cash drops both before and after their work shifts as

an integral and indispensable part of the principle activities of performing their job and then drive to customer locations without pay, and were treated as non-exempt employees under the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

44. Said pre- and post- shift work, and transportation time, often caused those "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

45. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

46. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform cash drops and/or activities that are integral and indispensable to their principle activities, and then drive to customer locations, without pay.

47. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation practices that require these employees to perform cash drops both before and after their shifts and then drive to customer locations without pay. This denies similarly situated employees their overtime compensation.

48. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation practices that require Plaintiffs and those

similarly situated to perform pre- and post- shift work (cash drops) and then drive to customer locations without compensation.

49. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

50. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiffs because their claims are similar to the claims of the putative representative action Plaintiffs.

51. The names and addresses of the putative representative action Plaintiffs are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

52. Defendants failed to compensate Plaintiffs and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

53. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative representative action Plaintiffs, seek

damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

54. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative representative action Plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Donatti and Cowan as Representative Plaintiffs of the putative representative action plaintiffs;

d. An award of damages for overtime compensation due to the Plaintiffs and the putative representative action Plaintiffs, to be paid by Defendants;

f. An award of liquidated damages for overtime compensation due to the Plaintiffs and the putative representative action to be paid by Defendants;

        or

    g.     Pre-Judgment and Post-Judgment Interest as provided by law;

    h.     Plaintiffs Costs and expenses of this action incurred herein including expert fees;

    i.     Reasonable attorneys' fees; and

    i.     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which Plaintiffs and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,

**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**

*/s/ Mark A. Jess*
Mark A. Jess MO #37946
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph: 816.474.4600
Fx: 816.474.4601
E-mail: mark.jess@employeerightslawfirm.com
Website: www.employeerightslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

and

**THE HODGSON LAW FIRM, L.L.C.**


*/s/ Michael Hodgson*
Michael Hodgson   KS # 21331
E-mail: *mike@thehodgsonlawfirm.com*
11605 W. 116th St.
Overland Park, KS  66210
Tel: (913) 890-3529
**ATTORNEYS FOR PLAINTIFF**