**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| PETER DONATTI, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 11-4166-CV-C-MJW |
| CHARTER COMMUNICATIONS, L.L.C., et al., | ) |
| Defendants. | ) |

## ORDER

Defendants Charter Communications LLC and Charter Communications, Inc., (collectively, "Charter") have filed a motion to strike and/or dismiss the claims of plaintiffs Peter Donatti and Matthew Cowan. Charter alleges Plaintiffs' complaint makes allegations foreclosed by the law of the case and that fail to state a claim on which relief may be granted. Plaintiffs have filed suggestions in opposition to the motion and Charter filed reply suggestions in support.

## Background

This case was filed on June 27, 2011, alleging violations of the FLSA and Mo. Rev. Stat. § 290.500, et seq., and seeking to proceed as a collective action. At the onset, the parties agreed that two threshold issues should be resolved prior to proceeding with the remainder of the case. Since that time, this Court has ruled two summary judgment motions on these threshold issues. These issues included this Court's holding that the policies of Charter do not violate the FLSA.

Subsequent to the rulings of this Court on the threshold issues, Plaintiffs sought leave to amend their complaint. Plaintiffs' original motion for leave to file a second amended complaint was denied, without prejudice. The motion was denied because Plaintiffs' proposed second amended complaint attempted to reassert claims that had already been resolved in prior summary judgment orders. Pursuant to order of this Court, Plaintiffs filed an amended motion for leave to file a second amended complaint on August 12, 2013. This motion was granted over the objection of Charter. In granting the amended motion for leave to file a second amended complaint, this Court determined that Plaintiffs' second amended complaint was not challenging

the previous rulings of the Court's summary judgment orders. The holdings of the summary judgment orders previously entered were affirmed, including the holding that the pre- and post-commute and pre- and post-shift activities of Charter technicians and their required transporting of equipment, as outlined in Charter's policies, do not violate the FLSA.

Plaintiffs' second amended complaint filed on September 30, 2013, alleges that the patterns and practices of Charter deviate from its policies, and thus, while its policies don't violate the FLSA, its practices do. The second amended complaint alleges that plaintiffs Matthew Cowan and Peter Donatti, at Charter's Sedalia, Missouri, location, along with other similar Charter Communications cable technicians in other Missouri locations and throughout the United States, were required to perform "cash drops" (turn in/deposit customer cash payments received from customers to Charter facility locations), which is a principal duty indispensable to their primary job duties as cable technicians, off-the-clock, and thus, they were not compensated for this time, in violation of the FLSA. Additionally, Cowan and Donatti further allege that cable technicians were "required to drive to [and/or from] customer sites and perform other pre- and post-shift activities before and after returning cash deposits to the Charter business locations," without compensation. Plaintiffs allege these activities are integral and indispensable to their primary job duties, and therefore, Charter's failure to compensate for such time violates the FLSA.

## **Discussion**

Charter's motion argues that the allegations made by Plaintiffs in the second amended complaint are foreclosed by the law of the case and should be stricken. Charter argues that Plaintiffs' allegations go beyond those for which they were granted leave to amend. Specifically, Charter argues Plaintiffs' second amended complaint continues with allegations/references to the lack of compensation for transportation of company equipment and pre- and post-shift activities, beyond the cash drops themselves, which have already been ruled upon by the Court. Charter cites to the Court's July 22, 2013 order which denied Plaintiffs' motion for leave to file a first amended complaint based on Plaintiffs' attempt to reassert claims that Charter's policies or practices violated the FLSA. Charter notes the Court's holding that its policies, including policies on transporting materials and equipment to job sites and pre- and post-shift activities have already been determined by the Court to not violate the ECFA and FLSA.

Charter argues that Plaintiffs' second amended complaint further fails to state a claim on which relief may be granted for the individual claims of Cowan and Donatti and for the collective cause-of-action claims. Charter argues that Plaintiffs have failed to make any allegation as to who or what required them to perform uncompensated cash drops in clear violation of Charter's policies, or when such alleged off-the-clock cash drops were required.

<u>Motion to Strike</u>

Upon review, Charter's motion to strike is denied. As previously set forth, in this Court's Order granting leave to amend, the Court does not believe Plaintiffs' second amended complaint, as filed on September 30, 2013, violates the law of the case. Plaintiffs' claims do not purport to challenge the prior rulings of this Court, but rather seek relief on claims different from those dismissed on summary judgment; specifically that Charter's pattern and practices requiring cash-drops off-the-clock, contrary to Charter's policies, violate the FLSA. Plaintiffs' additional allegations made in conjunction with these off-the-clock cash drops seeking compensation for drive time and activities before and/or after these cash drops are based upon the "continuous workday" rule. Accordingly, these claims are also different than those ruled by this Court on summary judgment.

The Department of Labor has a "continuous workday rule," generally defining an employee's "workday" as "the period between the commencement and completion on the same workday of an employee's principal activity or activities." 29 C.F.R. § 790.6(b); <u>IBP, Inc. v. Alvarez</u>, 546 U.S. at 21, 37 (2005) (describing and applying the continuous workday rule). During the continuous workday, the compensability of all activities that otherwise satisfy the requirements of the FLSA, are not affected by the Portal–to–Portal Act's exceptions. In <u>Alvarez</u>, the Supreme Court held that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of the Portal–to–Portal Act, and as a result is covered by the FLSA." <u>Alvarez</u>, 546 U.S. at 37.

Accordingly, in this case, despite a previous finding by this Court that Charter's policies do not violate the FLSA, the allegations of plaintiffs Cowan and Donatti that their required off-the-clock cash drops and subsequent work activities violate the FLSA are not foreclosed by the law of the case. While policies of Charter clearly prohibit the actions of cash drops off-the-clock and/or failure to pay cable technicians for their time working, here Plaintiffs allege that the

pattern and practice of cash drops off-the-clock is in violation of Charter's policies. Further, while the actions subsequent to Plaintiffs' cash drops are clearly not, in and of themselves, sufficient to engage the requirements of the FLSA, in combination with the pattern or practice of requiring cash drops be made off-the-clock, an argument can be made, as has been made by the Plaintiffs here, that the continuous workday rule makes these otherwise not compensable activities, compensable under the FLSA.

Motion to Dismiss for Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp., 550 U.S. at 570).

Upon review, the FLSA claims of the Plaintiffs individually are sufficient to state a claim under the FLSA. Plaintiffs provide sufficient allegations and basic facts sufficient to support, at this motion-to-dismiss stage of this case, their claims that they have been required to work in excess of 40 hours a week without compensation, in violation of the FLSA.

As to Charter's motion for dismissal of Plaintiffs' claims seeking to proceed with a collective action on behalf of all similarly situated employees, this Court finds, again, that at this stage of the proceedings, the allegations of Plaintiffs are sufficient. The allegations give Charter notice of Plaintiffs' claims and provide a basic factual basis supporting such claims. Charter's arguments seeking dismissal of these collective action claims are more relevant for purposes determining whether conditional certification of a collective action should be granted. See Dernovish v. AT&T Operations, Inc., 2010 WL 143692 (W.D. Mo. 2010); Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); and Lindsay v. Wells Fargo Advisors, LLC, 2013 WL 943736 (E.D. Mo. 2013) (all cases discussing the two-step procedure, applied by courts in the Eighth Circuit, for collective actions maintained under 29 U.S. C. 216(b)). See also Littlefield v. Dealer Warranty Services, LLC., 679 F. Supp. 2d 1014, 1017

(E.D. Mo. 2010) (To satisfy their burden at the conditional certification stage, plaintiffs can satisfy their burden through use of affidavits, supported by admissible evidence. The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.); Taylor v. Bear Communications, LLC., 2013 WL 3270971 *2 (W.D. Mo. 2013) (Although the standard is lenient it is not invisible. Unsupported assertions or those not based on personal knowledge will not show that plaintiffs are similarly situated for conditional certification.); Jost v. Commonwelath Land Title Ins. Co., 2009 WL 211943 (E.D. Mo. 2009) (where there is no evidence that managers, nationwide, failed to follow these policies, a nationwide class is inappropriate); and McClean v. Health Systems, Inc., 2011 WL 6153091 (W.D. Mo. 2011) (intermediate standard of review applied in evaluating appropriateness of conditional certification where some discovery has already commenced).

## Conclusion

Plaintiffs' second amended complaint does not violate the law of the case and is sufficient at this stage to proceed. Accordingly,

IT IS ORDERED that Charter's motion to strike and/or dismiss is denied. [105]

Dated this 15th day of January, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge